Opinion delivered June 8, 1887.

No. 5552.

DANIEL GRATE *v.* THE STATE.

1. RAPE—FACT CASE.—See the statement of the case for evidence *held* sufficient to support a conviction for rape.

2. NEW TRIAL—IMPEACHING TESTIMONY.—It is a well settled rule of prac-
tice that a new trial will not be awarded in order to enable the defend-
ant to secure witnesses to impeach a witness who testified on the trial.

APPEAL from the District Court of Milam.    Tried below before
the Hon. W. E. Collard.

The conviction in this case was for the rape of Tena Rogers,
in Milam county, Texas, on the twenty-second day of July,
1886.    The penalty assessed against the appellant was a term of
five years in the penitentiary.

Tena Rogers was the first witness for the State.    She testified,
in substance, that she lived on the place of Mr. Joe Askew, in
Milam county, and was there employed as cook and house-
keeper.    In company with several friends the witness went to
church on the night of Friday, July 22, 1886, the church being
about a mile and a half from Mr. Askew's house.    After church
was over defendant proposed to escort the witness home.    Wit-
ness accepted his escort.    After the two had passed through a
pasture and gained the public road, the defendant said that wit-
ness had something he wanted.    Witness replied that if she had
such a thing it would do him no good.    He then seized witness
by each of her arms and threw her down.    Witness screamed
once, but was unable to scream again, as the defendant seized
her by the throat after she was down, and choked her until she
could not use her voice.    With his other hand he pulled her
clothes up, got on her, and penetrated her person with his male
member.    When he had accomplished his purpose he released
her, threatening to cut her "d—d throat" if she reported him
for the outrage.    He then left her and witness went home, stop-
ping en route at the houses of Mr. Wallace, Mr. Lindley and
Mr. Johnson, to whom she reported the facts.    On the following
Monday she filed complaint before the justice of the peace
against the defendant.    Mr. Askew was not at home on that
night.    Her throat was sore for several days after the outrage
upon her.

The important fact testified to by the witness on her cross ex-
amination was her denial that defendant was at her house on
the day of the rape, or that she asked the defendant to go home
with her from church, or that she told him that she would not
comply with her promise to serve him if he did not escort her
home.

Dunk Lindley testified, for the State, that Tena Rogers came to his house about midnight on the night of July 22, 1886, and told him that the defendant had raped her a few minutes before. While the witness was dressing, Tena went to the house of George Johnson, and, after that, witness and George Johnson went with her to the place where she said that the rape occurred. At that place the witness saw the impression of the feet of a man and a woman, and an impression of cloth on the ground. The tracks showed that the man and woman had been tramping around, but the dirt was not torn up. Tena stayed that night at the witness's house, but did not complain of her throat, nor did the witness observe any scratches or other traces of choking on her throat.

George Johnson testified, for the State, substantially as did the witness Lindley with regard to their visit to the place of the alleged rape, and his discoveries there. On his cross examination he testified that he was at Tena Rogers's house late on the evening of the alleged rape, saw the defendant there, and heard Tena ask him to go to church with her that night. Defendant replied that he would have to go home to supper, whence he would go to church. Tena told him to cut some wood, take supper with her, and go to church with her. When witness left Tena's house the defendant was cutting wood for her. Witness did not go to church, and was unable to say whether or not defendant and Tena went to church together.

Joe Askew testified, for the State, that, at the time of the alleged rape, Tena Rogers was living at his house as his cook and housekeeper. She had lived there since 1883, and was always truthful and honest, so far as witness knew. On his way home, about noon, on the day after the alleged offense, the witness saw and examined the place in the road where the offense was alleged to have been committed. The condition of the ground indicated the recent pressure of a man and woman, and, further, that parties had lain on the ground. The impress of the form of a person, except the head, which must have rested on some bull nettles, was distinct. Witness first saw Tena, after his return, on the second day after the alleged outrage. She was then complaining of her throat, which was swollen. The road on which the outrage was alleged to have been committed, was a much traveled public road, and at that time protracted meetings were being held at both the white and colored churches.

Constable Giles Averett testified, for the State, that on Monday

after the alleged offense he went to the neighborhood in which defendant lived, to arrest him, but failed to find him. A week later he located defendant in Robertson county, where he made the arrest.

The State closed.

Albert Morgan testified, for the defense, that he saw defendant and Tena Rogers at Mount Zion church on the night of the alleged rape. He saw Tena when she started home through the pasture, and heard her call to defendant to go home with her, adding the remark: "If you don't go with me, I won't give you what I promised." Thomas Elmore was then with witness and heard and saw all that witness did. Later the witness saw defendant and Tena together, walking along the lane, not far from Askew's house.

Elmore corroborated this witness, except that he stated he saw no more of defendant or Tena on that night after they left the church.

Several witnesses testified, for the defense, that Tena Rogers's reputation for truth and chastity was infamous before the alleged rape.

One witness, in rebuttal, testified, for the State, that Tena was a member of his church until she was turned out for getting drunk on one occasion when she had a dance at her house, but he had never heard her reputation for truth and chastity questioned until after the alleged rape.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. If the testimony of the prosecutrix, Tena Rogers, is credible, then she was ravished by the appellant, and the punishment of five years in the penitentiary is an exceedingly mild one. It was for the jury and the court below to ascertain and pass upon her credibility, and the jury having found a verdict in accordance with her testimony, and the trial court having refused to set it aside, we must conclude that they believed her testimony to be true. If true, the evidence is sufficient.

Only one other question appears of record. Should a new trial have been granted on the ground of newly discovered evidence? The main purpose of the new testimony, as set out in the affi-

davits in support of the motion, appears to be to impeach the main State's witness, the prosecutrix. The rule is well settled that a new trial will not be granted for newly discovered evidence to impeach a witness. (Posey's Crim. Dig., p. 511, sec. 8128; Templeton v. The State, 5 Texas Ct. App., 398; Duval v. The State, 8 Id., 370; Atkins v. The State, 11 Id., 8; Jackson v. The State, 18 Id., 586.)

We have found no reversible error in the record in this case, and the judgment is therefore affirmed.

*Affirmed.*